UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ABEL PATTERSON-ROMO,<br><br>                    Petitioner,<br><br>    vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 10-cr-3319 – IEG<br>Related Case: 12-cv-1343 – IEG<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION FOR TIME REDUCTION PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 38 in 10-cr-3319]<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Jorge Abel Patterson-Romo ("Petitioner"), a federal inmate proceeding *pro se*, submitted a motion for time reduction pursuant to 28 U.S.C. § 2255. [Doc. No. 38.] He seeks relief on the grounds that, due to his alien status, he is ineligible for (1) a one-year reduction of sentence through a drug program, (2) an early release to a halfway house, and (3) a Unicor job. [Id. at 2.] Petitioner argues that the availability of these programs to United States citizens, but not to aliens, violates the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Rights Act of 1964. [Id.]  Having considered Petitioner's arguments, and for the reasons set forth below, the Court **DENIES** Petitioner's Motion for Time Reduction.

///

**BACKGROUND**

Petitioner was charged with, and ultimately pleaded guilty to importation of 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 952 and 960, which carries a maximum sentence of life in prison and a mandatory minimum of 10 years in prison. [See Doc. Nos. 12, 17-18, 20.] As part of his Plea Agreement, Petitioner expressly "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, . . . unless the Court impose[d] a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable." [Doc. No. 18 at 9.] At sentencing, the Government calculated a guideline range of 46 to 57 months and recommended a sentence of 46 months. [Doc No. 32.] Petitioner calculated a guideline range of 37 to 46 months and sought a sentence of 37 months. [Doc. No. 33.] On May 21, 2012, the Court sentenced Petitioner to 46 months in federal custody. [Doc. No. 36-37.]

**DISCUSSION**

Section 2255(a) authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States." Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (internal quotation marks omitted). If the record clearly indicates that a petitioner does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

**I.     Waiver**

As an initial matter, it is clear that Petitioner waived any right to collaterally attack his sentence. "'A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation

1  omitted).  In this case, as part of his Plea Agreement, Petitioner expressly waived "any right . . . to
2  collaterally attack the conviction and sentence," unless "the Court impose[d] a custodial sentence
3  above the greater of the high end of the guideline range recommended by the Government
4  pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if
5  applicable." [Doc. No. 18 at 9.]  At sentencing, the Court imposed a sentence of 46 months, which
6  was lower than the high end of the Government's recommended guideline range of 46 to 57
7  months.  [See Doc. Nos. 32, 37.]  Because the Court did not impose a sentence above the high end
8  of the guideline range recommended by the Government, Petitioner's waiver applies.  There is also
9  no indication that the waiver was not knowingly and voluntarily made.  Accordingly, Petitioner's
10 collateral attack on his sentence is precluded by a valid waiver.  See United States v. Abarca, 985
11 F.2d 1012, 1014 (9th Cir. 1993); see also United States v. Navarro-Botello, 912 F.2d 318, 321-22
12 (9th Cir. 1990) (public policy supports plea agreements because, *inter alia*, of the finality that
13 results).

## II.     Merits

15       Even assuming Petitioner did not waive the right to collaterally attack his sentence, his
16 claims fail on the merits.  Aliens present in the United States illegally are entitled to the full
17 protections of the Equal Protection Clause.  Plyler v. Doe, 457 U.S. 202, 215 (1982).  Nonetheless,
18 to state a claim for violation of the Equal Protection Clause, the plaintiff must allege that he was
19 treated differently from other similarly situated persons.  City of Cleburne v. Cleburne Living Ctr.,
20 473 U.S. 432, 439 (1985).  Unless a suspect classification is present, the unequal treatment must
21 only be "rationally related to a legitimate state interest."  Id. at 440.

22       The policy precluding deportable aliens from participating in certain community-based
23 programs does not violate equal protection because it is rationally related to the government's
24 interest in preventing those individuals from fleeing.  See McLean v. Crabtree, 173 F.3d 1176,
25 1184 (9th Cir. 1999) (the exclusion of deportable aliens from participating in a community-based
26 treatment program was rationally-based, and therefore constitutional, seeing as "prisoners with
27 detainers pose a flight risk during the community-based treatment phase because they are subject
28 to possible deportation upon release from custody, and therefore have reason to flee a halfway

1 house"). Similarly, the denial of a one-year reduction does not violate due process because it does
2 not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of
3 prison life;" rather, it "merely means that the inmate will have to serve out his sentence as
4 expected." Id. at 1185 (internal quotation marks and citations omitted).

5 　　　As other courts have concluded, deportable aliens are not "similarly situated" to United
6 States citizens with respect to the benefits that Petitioner seeks. See, e.g., Aguilar-Marroquin v.
7 United States, 2011 WL 1344251, at *2 (S.D. Cal. Apr. 8, 2011); Rendon-Inzunza v. United
8 States, 2010 WL 3076271, at *1 (S.D. Cal. Aug. 6, 2010); Santos v. United States, 940 F. Supp.
9 275, 281 (D. Haw. Aug. 16, 1996). Because United States citizen inmates must re-enter domestic
10 society upon completion of their sentences, they have a strong incentive to comply with
11 community-based placement. On the other hand, non-citizen inmates subject to deportation upon
12 completion of their sentences may have an opposite incentive to flee from the community-based
13 placement. Accordingly, "[i]t is not an equal protection violation to allow United States
14 citizen-inmates, who must re-enter domestic society, to participate in rehabilitative or other
15 programs while denying that privilege to deportable inmates." Rendon-Inzunza, 2010 WL
16 3076271, at *1. Because the two groups are not "similarly situated" for purposes of relief that
17 Petitioner seeks, there is no equal protection violation. See City of Cleburne, 473 U.S. at 439; see
18 also Demore v. Kim, 538 U.S. 510, 521-22 (2003) ("Congress may make rules as to aliens that
19 would be unacceptable if applied to citizens.").

20 **CONCLUSION**

21 　　　Because Petitioner's collateral attack is precluded by a valid waiver, and because it fails on
22 the merits, the Court **DENIES** Petitioner's motion for sentence reduction under 28 U.S.C. § 2255.
23 The Court also denies a certificate of appealability because Petitioner has not "made a substantial
24 showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

25 　　　**IT IS SO ORDERED.**
26 **Dated:** June 7, 2012
27 　　　　　　　　　　　　　　　　　　**IRMA E. GONZALEZ**
　　　　　　　　　　　　　　　　　　**United States District Judge**
28